**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rhondine Melendez, | ) |
|     Plaintiff, | ) Case No.: 1:23-cv-08068-TAM |
| vs. | ) |
| Best Buy Liquors, Inc., | ) |
|     Defendant. | ) |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**STEIN SAKS, PLLC**

*/s/ Mark Rozenberg*
Mark Rozenberg, Esq.
1 University Plaza, Suite 620
Hackensack, NJ 07601
Ph: 201-282-6500
Fax: 201-282-6501
mrozenberg@steinsakslegal.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................... 1

III. STANDARD OF REVIEW .......................................................................................... 2

IV. LEGAL ARGUMENT .................................................................................................. 3

   A. Plaintiff Has an Enforceable Settlement Agreement with Defendant Which Should be Enforced by this Court. ................................................................................................... 3

V. CONCLUSION ............................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543 (2d Cir. 1998) ................................. 2

*Benicorp v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329 (S.D.N.Y. 2006) ................. 2

*Britto v. Salius*, 360 Fed. Appx. 196 (2d Cir. 2010) ................................................................. 3, 6

*Brown v. Cara*, 420 F.3d 148 (2d Cir. 2005) ................................................................................ 4

*Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320 (2d Cir. 1997) .............................................. 3

*Collins v. Harrison-Bode*, 303 F.3d 429 (2d Cir. 2002) ............................................................... 2

*Elysium Health, Inc. v. Chromadex, Inc.*, No. 22-1153-cv (XAP), 2023 U.S. App. LEXIS 28466 (2d Cir. Oct. 26, 2023) ............................................................................................. 3, 4

*Geneva Lab'ys Ltd. v. Nike W. African Import and Expert, Inc.*, No. 19-CV-4419 (EK) (RER), 2022 U.S. Dist. LEXIS 39684 (E.D.N.Y. Mar. 7, 2022) ................................................ 6

*Jackson v. N.Y. City Dep't of Educ.*, 2012 U.S. Dist. LEXIS 77305 (S.D.N.Y. June 4, 2012). 6, 7, 8

*Louros v. Cyr*, 175 F. Supp. 2d 497 (S.D.N.Y. 2001) ................................................................... 2

*Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714 (2d Cir. 1974) ................................. 3

*Murphy v. Inst. of Int'l Educ.*, 32 F.4th 146 (2d Cir. 2022) .......................................................... 2

*Powell v. Omnicom*, 497 F.3d 124 (2d Cir. 2007) ............................................................. 3, 4, 5, 7

*Raghavendra v. Trs. of Columbia Univ.*, 686 F. Supp. 2d 332 (S.D.N.Y.) ................................... 2

*Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393 (2d Cir. 2004) ..................................................... 2

*Samuel v. Aron*, No. 19-CV-5229 (MKB) (TAM), 2022 U.S. Dist. LEXIS 166328 (E.D.N.Y. Sep. 14, 2022) ......................................................................................................... 2, 5, 6, 8

*United States v. U.S. Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars*

    *($660,200.00), More or Less*, 423 F. Supp. 2d 14 (E.D.N.Y. 2006) ............................................ 7

*Vacold LLC v. Cerami*, 545 F.3d 114 (2d Cir. 2008) ...................................................................... 2

*Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78 (2d Cir. 1985) .................................... 3, 5

## I. INTRODUCTION

Plaintiff Rhondine Melendez ("Melendez" or "Plaintiff") moves this Court to enforce a settlement agreement reached between Plaintiff and Defendant Best Buy Liquors, Inc. ("Best Buy" or "Defendant"). This settlement was reached under the jurisdiction of this Court as a result of an action that was filed by Plaintiff against Defendant Best Buy under the Americans with Disabilities Act of 1990 ("ADA") and the New York City Human Rights Law ("NYCHRL"). After several months of correspondence between Defendant and Plaintiff's counsel ironing out the details of the settlement agreement, Defendant has now disappeared and is thereby trying to renege on the agreement that was ultimately reached between the parties. Defendant's attempts to undo the bargain are a blatant example of "buyer's remorse" that courts in this jurisdiction have consistently rejected, and this Court should do the same.

## II. STATEMENT OF FACTS

On October 30, 2023, Plaintiff filed the instant action under the ADA and NYCHRL based on Defendant's Website which was not accessible to blind users. *See* ECF # 1. Sometime in November 2023, Plaintiff and Defendant agreed to settle the matter for $7,000. Plaintiff filed the Notice of Settlement on November 30, 2023. *See* ECF # 6. Thereafter, Plaintiff could not reach Defendant to complete the settlement. Defendant then filed a hand-written, pro se answer to Plaintiff's Complaint on December 26, 2023. *See* ECF # 7.

In April 2024, Defendant reached out to Plaintiff's counsel to re-enter settlement negotiations. *See* Exhibit A, April 3-12, 2024 E-Mail. Despite having previously reached a settlement agreement for $7,000, as a show of good faith, Plaintiff re-entered negotiations with Defendant. Defendant thereafter agreed to settle the matter for $6,000. *See* Exh. A. On April 16, 2024, Plaintiff filed a second Notice of Settlement. *See* ECF # 11. Thereafter, Defendant once again failed to communicate with Plaintiff in order to complete the settlement. Plaintiff did not

1

hear from Defendant until July 2024, at which point Defendant attempted to re-enter negotiations for a third time. Plaintiff filed a Status Report indicating the ongoing issues with the agreed-upon settlement and requested leave to file a Motion to Enforce the Settlement. *See* ECF # 14. The instant motion follows.

### III.     STANDARD OF REVIEW

"It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Murphy v. Inst. of Int'l Educ.*, 32 F.4th 146, 150 (2d Cir. 2022) (quoting *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (quotation marks omitted)). "Whether a binding agreement exists is a question of law." *Murphy*, 32 F.4th at 150. "The ultimate issue . . . 'is the intent of the parties: whether the parties intended to be bound, and if so, to what extent.'" *Vacold LLC v. Cerami*, 545 F.3d 114, 125 (2d Cir. 2008) (quoting *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 548-49 (2d Cir. 1998)).

> In New York, a contract is generally enforceable when there is "'an offer, acceptance, consideration, mutual assent[,] and intent to be bound.'" *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) (quoting *Louros v. Cyr*, 175 F. Supp. 2d 497, 511 n.5 (S.D.N.Y. 2001)). To form a binding contract, the parties must agree on all essential terms, which are those terms that require negotiation. *See Murphy*, 32 F.4th at 150. There must be a "meeting of the minds" on the material terms for a court to enforce a settlement. *Raghavendra v. Trs. of Columbia Univ.*, 686 F. Supp. 2d 332, 340 (S.D.N.Y.)[.] . . . Once these terms have been agreed to, the parties are bound and must adhere to the agreement. *Id.*

*Samuel v. Aron*, No. 19-CV-5229 (MKB) (TAM), 2022 U.S. Dist. LEXIS 166328, at *8 (E.D.N.Y. Sep. 14, 2022). The party seeking to enforce a purported settlement agreement bears the burden of proving that a binding and enforceable agreement exists. *Id.* (citing *Benicorp v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 335 (S.D.N.Y. 2006)).

"Parties may enter into a binding settlement agreement orally, and such agreement remains in force 'even if a party has a change of heart.'" *Britto v. Salius*, 360 Fed. Appx. 196, 198 (2d Cir. 2010) (quoting *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007)). "A district court has the

2

power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974). Whether a settlement agreement had been reduced to writing does not control whether a binding agreement was entered. "Under New York law, parties are free to bind themselves orally, and the fact that they contemplate later memorializing their agreement in an executed document will not prevent them from being bound by the oral agreement." *Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 322 (2d Cir. 1997).

Within the Second Circuit, courts consider four factors – often termed "the *Winston* factors" – in determining "whether the parties intended to be bound in the absence of a document executed by both sides." *Elysium Health, Inc. v. Chromadex, Inc.*, No. 22-1153-cv (XAP), 2023 U.S. App. LEXIS 28466, at *6 (2d Cir. Oct. 26, 2023) (citing *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1985)) (internal quotation marks omitted). "The court is to consider (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Winston*, 777 F.2d at 80. "No single factor is decisive, but each provides significant guidance." *Ciaramella*, 131 F.3d at 323.

### IV. LEGAL ARGUMENT

**A. Plaintiff Has an Enforceable Settlement Agreement with Defendant Which Should Be Enforced by this Court.**

Defendant's April 12, 2024 e-mail to Plaintiff's counsel, Mr. PeterPaul Shaker, constitutes acceptance of the settlement agreement which this Court should now enforce. *See* Exh. A. On April 3, 2024, Plaintiff's counsel thanked Defendant for its offer to resolve the matter for $5,000 and countered with $6,000. *Id.* On April 12, 2024, Defendant replied, "I would like to put this matter

3

to a close and agree to the payment 6,000 dollars as we have discussed. Please send over your documentation, and please add that our website is in full compliance so that this matter is closed properly." *Id.* Under common law contract principles, this e-mail constitutes an acceptance of the material terms of the agreement and thereby bound both parties to the agreement. The *Winston* factors support this conclusion.

The first *Winston* factor – whether there has been an express reservation of the right not to be bound in the absence of a writing – is frequently deemed "the most important." *Elysium Health, Inc.*, 2023 U.S. App. LEXIS 28466, at *7 (citing *Brown v. Cara*, 420 F.3d 148, 154 (2d Cir. 2005)). Here, nothing in Defendant's April 12 e-mail or in any other communication with Plaintiff or this Court indicated a desire or reservation of the right not to be bound in the absence of a formal written settlement agreement. Furthermore, the e-mail from Defendant to Plaintiff's counsel *is* a writing. This is not a case in which the alleged agreement was reached orally only; rather, Plaintiff's counsel and Defendant communicated regarding the settlement agreement via written e-mail communications.

Defendant's request to "send over your documentation" does not change this conclusion. In *Elysium Health, Inc.*, like here, the terms of a settlement agreement had been communicated via e-mail. The court found that one of the party's written statement to "'get started on the documentation' [did] not suggest an intent not to be bound without the documentation, but rather 'that the settlement's reduction to writing was only a formality[.]'" *Elysium Health, Inc.*, 2023 U.S. App. LEXIS 28466, at *8 (citing *Powell*, 497 F.3d at 130). The same is true here – Defendant's request to "send over your documentation" does not amount to an express reservation of the right not to be bound. Without an express reservation of the right not to be bound, absent a written agreement, this factor weighs in favor of an enforceable settlement agreement.

4

The third *Winston* factor[1] is whether all of the terms of the contract have been agreed upon. Here, all of the material terms of the settlement agreement were agreed upon by Defendant. Plaintiff agreed to release all present and future claims with prejudice in exchange for a lump-sum payment of $6,000 from Defendant. *See Samuel*, 2022 U.S. Dist. LEXIS 166328, at *13 ("The third *Winston* factor has also been met because there were no additional open items to negotiate: Plaintiff agreed to release all claims with prejudice upon receipt of Defendant's payment."). While it is true that "even 'minor' or 'technical' changes arising from negotiations over the written language of an agreement can weigh against a conclusion that the parties intended to be bound absent a formal writing[,] . . . [s]uch changes are relevant . . . only if they show that there were points remaining to be negotiated such that the parties would not wish to be bound until they synthesized a writing 'satisfactory to both sides in every respect.'" *Powell*, 497 F.3d at 130 (citing *Winston*, 777 F.2d at 82-83). Defendant's intention to be bound by the agreement outlined in the April 12, 2024 e-mail is evident by the unequivocal statement: "I would like to put this matter to a close and agree to the payment 6,000 dollars as we have discussed." *See* Exh. A.

Finally, the fourth *Winston* factor – whether this agreement is the kind that would normally be reduced to writing – weighs in favor of an enforceable contract. "As to the fourth factor, agreements of the sort committed to writing are generally ones that involve complex terms or have long-term effects." *Britto*, 360 Fed. Appx. at 198-99. In *Britto*, just like here, "the agreement was a simple exchange of cash for termination of the lawsuit, and had no far-reaching effects." *Id.* at 199. This Court has previously recognized that "[a] relatively simple contractual settlement by which the parties have 'agreed to terminate the litigation and settle for a modest amount' is often

---

[1] The second *Winston* factor is whether or not there has been partial performance of the contract. As discussed, *supra*, the agreement has been partially performed by Plaintiff's counsel drafting and sending a settlement agreement and informing the Court of the settlement.

5

not memorialized in writing." *Samuel*, 2022 U.S. Dist. LEXIS 166328, at *14 (citing *Geneva Lab'ys Ltd. v. Nike W. African Import and Expert, Inc.*, No. 19-CV-4419 (EK) (RER), 2022 U.S. Dist. LEXIS 39684, at *10 (E.D.N.Y. Mar. 7, 2022)). There is nothing complex or far-reaching about the settlement agreement reached between Plaintiff and Defendant here. Thus, this factor weighs in favor of finding an enforceable contract.

This case closely mirrors the facts in *Jackson v. N.Y. City Dep't of Educ.*, a case from the Southern District of New York in which the parties reached a settlement agreement, confirmed the terms in an email, and informed the court of the existence of the settlement. *Jackson v. N.Y. City Dep't of Educ.*, 2012 U.S. Dist. LEXIS 77305, at *2-3 (S.D.N.Y. June 4, 2012). After reaching the settlement agreement and informing the court of same, the plaintiff hired new counsel who indicated to the court that the case was not settled. *Id.* at *3. Reviewing the four *Winston* factors, the court found that a binding settlement agreement had been reached and ordered its enforcement. *Id.* at *5-6. First, the court determined that neither party had expressly reserved the right not to be bound in absence of a writing. "Rather, the parties agreed to the terms orally, these terms were confirmed in writing, and the Court was advised of a settlement." *Id.* at *6. The court did not accept the plaintiff's argument that "the parties' discussion of the need to execute a formal settlement agreement constituted an express reservation of the right not to be bound." *Id.* "Discussing execution of a formal document . . . is not the same as reserving the right not to be bound in the absence of a formal document." *Id.* The same is true here – just because the April 12, 2024 e-mail from Defendant asked Plaintiff's counsel to send over a formal written agreement does not mean that Defendant expressly reserved its right not to be bound until that formal agreement was signed.

Next, the court considered whether the agreement had been partially performed. *Id.* at *6-7. The court found that the agreement had been at least partially performed because "the parties

6

began to perform on the agreement by preparing and exchanging draft settlement documents, and most significantly, communicated the settlement to the Court." *Id.* (citing *United States v. U.S. Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars ($660,200.00), More or Less*, 423 F. Supp. 2d 14, 28-29 (E.D.N.Y. 2006) (holding that drafting and delivering settlement documents constitutes part performance)). The same can be said here. After reaching the settlement agreement, Plaintiff's counsel immediately forwarded a draft settlement agreement to Defendant and informed the Court of the settlement agreement. This constitutes partial performance of the settlement agreement.

  As to the third and fourth *Winston* factors, the court found that they either weighed in favor of an enforceable agreement or were neutral. *Id.* at *7-9. First, the court found that even though minor or technical modifications may have been contemplated, "such changes are relevant only if they show that 'there were points remaining to be negotiated such that the parties would not wish to be bound until they synthesized a writing satisfactory to both sides in every respect.'" *Id.* at *7 (citing *Powell*, 497 F.3d at 130). The court concluded that there were no material terms left to negotiate and thus, the third *Winston* factor weighed in favor of enforcing the settlement agreement. The same is true here – the material terms of the settlement agreement were agreed upon by the Defendant. Any points that remained to be negotiated were not so material such that the parties "would not wish to be bound until they synthesized a writing satisfactory to both sides in every respect." *Id.* Finally, as to the fourth *Winston* factor, the court found that this factor was neutral because the agreement contained a provision prohibiting the plaintiff from reapplying for employment with the defendant which would typically be reduced to writing. *Id.* at *9. The settlement in the instant matter does not contain any similar clause which would typically be

7

reduced to writing and, thus, unlike in *Jackson* where this factor was neutral, here, this factor weighs in favor of an enforceable settlement agreement.

As a final note, the Court should take notice of the fact that Defendant has failed to abide by numerous court orders to have counsel enter an appearance on its behalf. *See* 3/26/24 and 8/8/24 ECF Runner Entries. As this Court noted in *Samuel*, "[w]hen defendants become non-compliant with court orders after entering into a settlement agreement, entry of judgment may be the only remedy." *Id.* That is the case here, and this Court should enforce the settlement agreement reached on April 12, 2024.

## V.     CONCLUSION

There was an offer to settle this matter which was accepted by Plaintiff, in writing, via e-mail on April 12, 2024. Under basic principles of contract law in the State of New York, an enforceable agreement has been made. For the reasons set forth above, the parties' settlement agreement should be enforced in its entirety.

Dated: October 23, 2024                    Respectfully Submitted,

                                                       **STEIN SAKS, PLLC**

                                                       */s/Mark Rozenberg*
                                                       Mark Rozenberg, Esq.
                                                       1 University Plaza, Suite 620
                                                       Hackensack, NJ 07601
                                                       Ph: 201-282-6500
                                                       Fax: 201-282-6501
                                                      mrozenberg@steinsakslegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Mark Rozenberg*

Mark Rozenberg, Esq.